UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ARTHUR FLEMMING MOLER** | : | **DOCKET NO. 2:19-cv-983** |
| **REG. # 27271-171** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEDRIC GASAWAY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a complaint [doc. 1] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Arthur Flemming Moler, who is proceeding *pro se* and *in forma pauperis* in this matter. Moler is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Forrest City, Arkansas ("FCI-FC"). His claims relate to events that allegedly occurred while he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). He names as defendants Kedric Gasaway, Clara Baty, Ms. Papillion, K. Richard, H. Smith, S. Golbert, Y. Welch and Officer Deville.

For reasons stated below, **IT IS RECOMMENDED** that the matter be **DISMISSED** for lack of jurisdiction.

**I.**
**BACKGROUND**

Plaintiff claims that while the named defendants, staff at FCIO, were in possession of his property while he was in the SHU, "legal paperwork and personal property was removed and stolen, lost and/or misplaced." Doc. 1, p.3, ¶ IV. He alleges that 4 out of 65 legal files were removed, and assumes they were taken by staff because the files incriminated them in fraudulent activities. Doc. 1-1, p. 1, ¶ 5.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Moler has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. FTCA

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his tort claims directly against the United States, rather than the individual government actor. *See*

*Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit). Such claims are analyzed under the law of the place where the act or omission occurred. *Sheridan v. United States*, 108 S.Ct. 2449, 2454 (1988) (citing 28 U.S.C. § 1346(b)). Under the FTCA, a plaintiff is required to properly present his claims to the government agency before filing suit. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). This presentment requirement is satisfied by the claimant presenting their tort claims to the appropriate federal agency before instituting suit in court. 28 U.S.C. § 2675(a); *Izen v. Catalina*, 398 F.3d 363, 367 (5th Cir. 2005). This "requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA" and cannot be waived. *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981). Thus, a court must dismiss a suit as premature if the plaintiff failed to first exhaust administrative remedies. *See Id*. at 204 (observing that "jurisdiction must exist at the time the complaint is filed" and that staying or holding in abeyance premature claims would conflict with purpose of the exhaustion requirement).

In addition, § 2401(b) of the FTCA requires that a tort claim against the United States be presented to the appropriate federal agency "within two years after such claim accrues" and then brought to federal court "within six months after . . . final denial of the claim by the agency." 28 U.S.C. § 2401(b); *see also United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015); *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001). A claimant is required to meet both of those deadlines. *Kwai Fun Wong,* 135 S. Ct. at 1629.

### C. Application

#### a. FTCA

First, plaintiff has failed to name the proper defendant for an action arising under the FTCA. Under the FTCA, claims brought against an employee of the federal government for

tortious conduct that occurred in the employee's official capacity are "really suit(s) against the government" and the United States is the proper party. *Smart v. Holder*, 368 Fed. Appx. 591, 2010 WL 759164, at *2 (5th Cir. 2010) (*citing Boehms v. Crowell*, 139 F.3d 452, 462-63 (5th Cir. 1998)). Likewise, a suit cannot be brought under the FTCA against an employee acting in an individual capacity. *See Galvin*, 860 F.2d at 183 ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). However, allowing defendant to amend and name the proper defendant would be futile, because, as discussed below, he has failed to state a claim cognizable under the FTCA.

The FTCA creates "a limited waiver of sovereign immunity making the United States liable to the same extent as private parties for certain torts of federal employees acting within the scope of their employment." *Montoya-Ortiz v. Brown*, 154 Fed. Appx. 437, 439-40 (5th Cir.2005) (*citing United States v. Orleans*, 96 S. Ct. 1971 (1976); 28 U.S.C. §1346(b)). However, Title 28 U.S.C. §2680(c) provides that "[t]he provisions of [the FTCA] shall not apply to ... any claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer ...."

The Fifth Circuit has held that §2680(c) is applicable to all claims arising from the detention of goods and merchandise by any federal law enforcement officer in the performance of his or her lawful duties. *See Halverson v. United States*, 972 F.2d 654, 655 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1297 (1993); *Chapa v. United States Department of Justice*, 339 F.3d 388 (5th Cir. 2003). Further, the Supreme Court has concluded that the exception applies to the negligent loss or destruction of the property while it is in the possession of law enforcement officers. *Amandi v. United States Dep't of Homeland Sec.*, 2007 U.S. Dist. LEXIS 93976, 2007 WL 4302644 (W.D. La. Oct. 23, 2007); *report and recommendation adopted*, NO. 07-1131, Doc. No. 15 (W.D. La

Dec. 6, 2007). The language "arising in respect of" is synonymous with "arising out of" and "sweep[s] within the exception all injuries associated in any way with the 'detention' of goods." *Id.* (*citing Kosak v. United States,* 104 S.Ct. 1519 (1984).

Moreover, the Fifth Circuit has held that possession of plaintiff's property by a BOP employee, even if unauthorized, tortious, or wrongful, constitutes a detention within the meaning of § 2680(c) and is remotely related to a BOP employee's duties in inspecting and inventorying prisoner property. *Krug v. United States*, 11-40016, 2011 U.S. App. LEXIS 20150, 442 Fed. Appx. 950 (5th Cir. Sept. 29, 2011) (*citing Chapa v. DOJ*, 339 F.3d 388, 391 (5th Cir. 2003); *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. Dec. 1981).

Accordingly, while plaintiff's claim falls within the scope of the FTCA, the exception contained in section 2680(c) is applicable. Therefore, this court lacks jurisdiction to adjudicate Plaintiff's lost and/or misplaced property claim under the FTCA since, pursuant to 28 U.S.C. §2680(c), the United States retains sovereign immunity with regard to such suits.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the plaintiff's complaint be **DISMSSED** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 23rd day of September, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE