# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ARTHUR FLEMMING MOLER** | : | **DOCKET NO. 2:19-cv-983** |
| **REG. # 27271-171** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **KEDRIC GASAWAY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## RULING

Before the Court is a Complaint [Doc. No. 1] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, by Plaintiff Arthur Flemming Moler ("Moler"), who is proceeding *pro se* and *in forma pauperis* in this matter. Moler is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Forrest City, Arkansas ("FCI-FC"). His claims relate to events that allegedly occurred while he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). He names as defendants Kedric Gasaway, Clara Baty, Ms. Papillion, K. Richard, H. Smith, S. Golbert, Y. Welch, and Officer Deville.

On September 23, 2019, Magistrate Judge Kathleen Kay issued a Report and Recommendation in which she recommended that Moler's complaint be dismissed for lack of jurisdiction [Doc. No. 5]. On October 8, 2019, Moler filed an objection to the Report and Recommendation [Doc. No. 6] and a Motion to Amend his Complaint [Doc. No. 7].

Magistrate Judge Kay noted that the United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the FTCA, which provides the exclusive remedy for damages for injury, death, or

loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id*. at § 2679(b)(1). The FTCA creates "a limited waiver of sovereign immunity making the United States liable to the same extent as private parties for certain torts of federal employees acting within the scope of their employment." *Montoya-Ortiz v. Brown*, 154 Fed. Appx. 437, 439-40 (5th Cir. 2005) (citing *United States v. Orleans*, 96 S. Ct. 1971 (1976); 28 U.S.C. §1346(b)). However, 28 U.S.C. §2680(c) provides that "[t]he provisions of [the FTCA] shall not apply to . . . any claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer. . .".

The Fifth Circuit has held that §2680(c) is applicable to all claims arising from the detention of goods and merchandise by any federal law enforcement officer in the performance of his or her lawful duties. *See Halverson v. United States*, 972 F.2d 654, 655 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1297(1993); *Chapa v. United States Dep't of Justice*, 339 F.3d 388 (5th Cir. 2003). Further, the Supreme Court has concluded that the exception applies to the negligent loss or destruction of the property while it is in the possession of law enforcement officers. *Amandi v. United States Dep't of Homeland Sec*., 2007 U.S. Dist. LEXIS 93976, 2007 WL 4302644 (W.D. La. Oct. 23, 2007); report and recommendation adopted, NO. 07-1131, Doc. No. 15 (W.D. La. Dec. 6, 2007). The language "arising in respect of" is synonymous with "arising out of" and "sweep[s] within the exception all injuries associated in any way with the 'detention' of goods." *Id*. (citing *Kosak v. United States*, 104 S. Ct. 1519 (1984)).

Moreover, the Fifth Circuit has held that possession of plaintiff's property by a BOP employee, even if unauthorized, tortious, or wrongful, constitutes a detention within the meaning

2

of § 2680(c) and is remotely related to a BOP employee's duties in inspecting and inventorying prisoner property. *Krug v. United States*, 11-40016, 2011 U.S. App. LEXIS 20150, 442 Fed. App'x. 950 (5th Cir. Sept. 29, 2011) (citing *Chapa v. DOJ*, 339 F.3d 388, 391 (5th Cir. 2003); *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981).

Accordingly, the Magistrate Judge found that, while plaintiff's claim falls within the scope of the FTCA, the exception contained in section 2680(c) is applicable. Therefore, this Court lacks jurisdiction to adjudicate Plaintiff's lost and/or misplaced property claim under the FTCA since the United States retains sovereign immunity with regard to such suits.

The Court has carefully reviewed the objections filed by Moler but finds that the Report and Recommendation is correct. Therefore, for the reasons stated in the Report and Recommendation of the Magistrate Judge, and after an independent review of the record, determining that the findings are correct under the applicable law, and considering the objections to the Report and Recommendation in the record, the Court will order that this matter be DISMISSED for lack of jurisdiction.

With regard to Moler's Motion to Amend [Doc. No. 7], as a general matter, courts should grant leave to amend pleadings "freely ... when justice so requires." FED. R. CIV. P. 15(a). Normally, "leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir.2009).

Here, the amendment would be futile. The proposed amended pleading does not cure the deficiency of lack of jurisdiction. Therefore, the Court will deny the motion to amend.

Monroe, Louisiana, this 9th day of October, 2019.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**TERRY A. DOUGHTY**
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**